*Henry v. Capital One, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of June, two thousand twenty-three.

PRESENT:
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————————

Michelle Henry,

> *Plaintiff-Appellant,*

v.                                                         No. 22-1088

Capital One, N.A.,

> *Defendant-Appellee.*

———————————————————————

FOR PLAINTIFF-APPELLANT:                    MICHELLE HENRY, pro
                                            se, Jamaica, NY.

FOR DEFENDANT-APPELLEE:                     STEPHEN J. STEINLIGHT,
                                            Troutman Pepper
                                            Hamilton Sanders LLP,
                                            New York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for further proceedings.

Plaintiff-Appellant Michelle Henry, proceeding pro se, appeals the district court's dismissal of her action.   Henry, then counseled, sued Defendant-Appellee Capital One, N.A. in New York State Supreme Court for breach of contract, negligence, gross negligence, and deceptive business practices, alleging that her safe deposit box at a Capital One branch in Queens was inexplicably drilled open and its cash contents went missing.   Capital One removed the action to the district court based on diversity.   The district court granted Capital One's motion to dismiss, reasoning that various exculpatory provisions in Capital One's lease

2

agreement for the safe deposit box immunized the bank from liability for loss of cash, that Henry's gross negligence allegation was conclusory, and that Henry failed to state a claim for deceptive business practices. On appeal, Henry moved for appointment of counsel, and Capital One moved to dismiss the appeal. In November 2022, a panel of this Court denied both motions, allowing the appeal to proceed in the ordinary course and directing the parties to address in their briefs whether Henry stated a claim for gross negligence. We assume the parties' familiarity with the case.

As an initial matter, Henry has waived any appellate challenge to the district court's dismissal of the deceptive business practices claim because she did not address that claim in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Accordingly, we address only the dismissal of Henry's claims for breach of contract, negligence, and gross negligence.

We review de novo the grant of a motion to dismiss, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the

3

plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "As we have repeatedly stated, [w]e liberally construe . . . briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

Henry argues that the district court erred by dismissing her breach of contract claim against Capital One. We agree. The lease agreement between Henry and Capital One provides that Capital One "will in no event be liable for alleged loss or destruction of any cash claimed to have been placed in the Safe Deposit Box." Supp. App'x at 21. And "an exculpatory provision ordinarily will be enforced when its language expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant's negligence." *Uribe v. Merchants Bank of N.Y.*, 91 N.Y.2d 336, 341 (1998) (internal quotation marks omitted). But public policy in New York "forbids a party's attempt to escape

4

liability, through a contractual clause, for damages occasioned by grossly negligent conduct." *In re Part 60 Put-Back Litig.*, 36 N.Y.3d 342, 352 (2020) (internal quotation marks omitted). "Gross negligence, when invoked to pierce an agreed-upon limitation of liability in a commercial contract, must smack of intentional wrongdoing or evince a reckless indifference to the rights of others." *Id.* (alterations adopted and internal quotation marks omitted).

Henry's complaint alleged that Capital One "drilled open [her] safe deposit box without her notice or permission" and that she was told "the contents were missing from the box." Supp. App'x at 7–8. Allegedly, none of the limited circumstances enumerated in the lease agreement that would have allowed Capital One to "force open" the safe deposit box was present here. *Id.* at 21. Drawing all reasonable inferences in Henry's favor and liberally construing her arguments on appeal, the allegations that a bank drilled open a safe deposit box for no evident reason, without providing notice to or receiving permission from the box's lessee, and that contents were thereafter "missing" from the box, plausibly establish grossly negligent conduct. There can be no doubt that the bank's alleged act of drilling open the box was intentional, and that allegedly

5

doing so in the absence of any justification "smack[s] of intentional wrongdoing."

*In re Part 60 Put-Back Litig.*, 36 N.Y.3d at 352. It is at least a plausible inference

that the subsequent disappearance of the alleged funds was the result of gross

negligence. Accordingly, based solely on the allegations of the complaint, the

exculpatory provision in the lease agreement does not bar Henry's claim for

breach of contract, to the extent she bases that claim on such allegations of grossly

negligent conduct.

Henry also argues that the district court erred by dismissing her claims for

negligence and gross negligence. We disagree. Ordinarily, under New York

law, "the allegations that a breach of contract occurred as a result of gross

negligence do[] not give rise to a duty independent of the contractual

relationship." *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 18 N.Y.3d 675, 684–85

(2012). And Henry has not plausibly alleged that this case "falls in the borderland

between tort and contract," nor that Capital One had "[a] legal duty independent

of contractual obligations." *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 550–51

(1992). Accordingly, Henry failed to state a claim for negligence or gross

negligence. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389

6

(1987) ("It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.").

We have considered Henry's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
